# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Hamza Altaf Khawaja<br><br>*Defendant(s)* | Case No. 1:24MJ 565 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of __August through December 2024__ in the county of __Forsyth__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1512(b)(3) | Tampering with a Witness, Victim, or Informant |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent David Yu

☑ Continued on the attached sheet.

/S/ David Yu
*Complainant's signature*

David Yu, Special Agent, FBI
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 12/31/2024

*Judge's signature*

Joi Elizabeth Peake, U.S. Magistrate Judge
*Printed name and title*

City and state: Winston-Salem, North Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David Yu, being duly sworn do hereby affirm and state the following.

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Charlotte Division. I have been a Special Agent with FBI since January 1999. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and make arrests defined by Title 18, United States Code. While employed with FBI, I have participated in numerous investigations, including health care fraud investigations.

### Purpose of Affidavit

2. This Affidavit is submitted for the limited purpose of establishing probable cause that HAMZA ALTAF KHAWAJA ("KHAWAJA"), in the Middle District of North Carolina and elsewhere, did knowingly attempt to corruptly persuade ▇▇▇▇▇▇ with the intent to hinder, delay, or prevent the communication to law enforcement officers with the FBI and the U.S. Department of Health and Human Services, Office of the Inspector General of information relating to the commission of a Federal offense, health care fraud, Title 18, United States Code, Section 1347, by posing as an Urdu interpreter for ▇▇▇ conversations with ▇▇▇ attorney, in violation of Title 18, United States Code, Section 1512(b)(3).

3. The facts contained in this Affidavit are based on my personal knowledge and observations, as well as facts relayed to me by other law enforcement officers, witnesses, and documents. This Affidavit does not contain all the facts of this investigation known to me or to other law enforcement personnel. Rather, it sets forth only those facts sufficient to establish probable cause in support of the requested criminal complaint.

4. 18 U.S.C § 1512(b)(3) prohibits tampering with a witness or informant by providing that "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person with intent to— (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense shall be fined under this title or imprisoned not more than 20 years, or both."

## Probable Cause

5. On ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was arrested on a criminal complaint alleging the commission of health care fraud, in violation of Title 18, United States Code, Section 1347. ▓▓▓▓ was then indicted by a grand jury on ▓▓▓▓▓▓▓▓ for violations of the same statute.

6. The health care fraud scheme alleged includes that ▓▓▓▓, as the owner of two Durable Medical Equipment (DME) companies, fraudulently billed Medicare for medically unnecessary DME. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ One company that shipped the DME to Medicare beneficiaries is Onyx Med Supply. KHAWAJA is the owner of Onyx.

7. On August 21, 2024, ▓▓▓▓ had withdrawn $500,000 in cash from a bank account associated with one of the DME companies. ▓▓▓▓ stated that he provided this money to ▓▓▓▓.

8. ▓▓▓▓'s native language is Urdu, and for all court proceedings he requires the use of an interpreter. ▓▓▓▓'s retained counsel, ▓▓▓▓, also requires the use of an interpreter for his attorney-client privileged conversations with ▓▓▓▓. KHAWAJA speaks both Urdu and English.

9. Shortly after ▓▓▓▓ retained ▓▓▓▓ as defense counsel for ▓▓▓▓'s criminal proceeding, ▓▓▓▓ retained an interpreter known to him by the name of "Ali BHATTI" for any attorney-client privileged communications. ▓▓▓▓ used "BHATTI" as an interpreter because ▓▓▓▓ instructed him to do so. ▓▓▓▓ later stated to law enforcement that during a phone call with KHAWAJA, KHAWAJA told ▓▓▓▓ that KHAWAJA would act as an interpreter for ▓▓▓▓ with his defense attorney. KHAWAJA told ▓▓▓▓ he would use the pseudonym "Ali" when posing as an interpreter. ▓▓▓▓ agreed to this arrangement because, at the time, he believed KHAWAJA and ▓▓▓▓ were going to manage everything for ▓▓▓▓ and help ▓▓▓▓ to get out of jail.

10. ▓▓▓▓ never met "BHATTI" in person. All interpreted conversations occurred with "BHATTI" on the telephone.

11. ▮▮▮ informed the Government, via ▮▮▮ that "BHATTI" is actually KHAWAJA. That same night, ▮▮▮ recorded a phone call,[1] ▮▮▮, KHAWAJA, and an individual referred to as ▮▮▮ was the main person speaking with ▮▮▮, and ▮▮▮ and KHAWAJA were in the background. In this conversation, ▮▮▮ asks ▮▮▮, KHAWAJA, and ▮▮▮ when they will pay back money to the government, ▮▮▮ ▮▮▮, and KHAWAJA refused to provide the name of the individual to whom ▮▮▮ had allegedly given the cash. ▮▮▮ expresses his desperation that the money be returned to the government because he believes the return of the money will mean he can get out of jail. During this conversation, ▮▮▮ stated KHAWAJA's name multiple times, and ▮▮▮ told him not to say names.

12. On ▮▮▮ informed the government that KHAWAJA had told ▮▮▮ that KHAWAJA would be ▮▮▮'s interpreter for conversations with his attorneys. ▮▮▮ stated that ▮▮▮ KHAWAJA are involved in the health care scheme, and ▮▮▮ was only involved in withdrawing money and business financial transactions but not operating the businesses. ▮▮▮ and KHAWAJA told ▮▮▮ not to say their names in discussions with ▮▮▮'s attorney. ▮▮▮ stated that he was scared ▮▮▮ KHAWAJA would hurt ▮▮▮ if he cooperated with the government and provided

---

[1] All recorded phone calls referenced in this affidavit have been translated/summarized by an FBI translator.

information related to the health care fraud scheme and ▓▓▓▓ involvement. ▓▓▓▓ further stated that KHAWAJA would tell ▓▓▓▓ how to answer ▓▓▓▓ during their attorney-client privileged meetings to make sure only certain information was provided to ▓▓▓▓ to protect KHAWAJA ▓▓▓▓.

13. On ▓▓▓▓ agreed to waive privilege and covertly record a purported attorney-client privileged conversation with KHAWAJA as the interpreter. ▓▓▓▓ had this conversation under the guise that ▓▓▓▓ would be deciding whether to cooperate with the government or instead go to trial. During this conversation, ▓▓▓▓ presses ▓▓▓▓ for information that would be helpful for cooperation to pass along to the government. ▓▓▓▓ asks KHAWAJA whether he should give any names for companies in the health care fraud scheme that assisted ▓▓▓▓ companies. After ▓▓▓▓ gives the name of one company, ▓▓▓▓ KHAWAJA does not translate ▓▓▓▓ answer to ▓▓▓▓ Instead, KHAWAJA says "no the paper, paper one, paper one company. The company that does the paperwork, tell him about that company." Once ▓▓▓▓ identifies the other company as ▓▓▓▓ KHAWAJA provides that information in English to ▓▓▓▓.

14. On ▓▓▓▓ there was a status conference in ▓▓▓▓ criminal proceeding in front of ▓▓▓▓.

15. Immediately preceding this hearing, ▓▓▓▓ agreed to covertly record a purported attorney-client privileged conversation with KHAWAJA as the interpreter. During this conversation, ▓▓▓▓ asks KHAWAJA when ▓▓▓▓

can expect to get the money that ▇ had withdrawn in cash prior to his arrest to return to the government. KHAWAJA advises ▇ that the money will be available after December 20 or 21. ▇ tells KHAWAJA that he cannot tell ▇ this date because ▇ will question how ▇ knows this date. KHAWAJA tells ▇ to tell ▇ that ▇'s family told him this information. KHAWAJA also instructed ▇ to tell ▇ that ▇ can tell the Court about the return of the cash. ▇ had informed ▇, through KHAWAJA, that returning the money would help ▇'s defense in any trial or plea negotiations.

### Khawaja's Plans to leave the United States

16. Customs and Border Patrol (CBP) records confirmed that KHAWAJA is scheduled to depart the United States on or about December 31, 2024, via American Airlines AA120 from Philadelphia International Airport, Philadelphia, PA, to Doha International Airport, Doha, Qatar. KHAWAJA is then continuing on from Doha, Qatar to Allama Iqbal International Airport, Lahore, Pakistan. CBP records indicate that KHAWAJA has a return flight to the United States scheduled for January 10, 2025. These flights were just booked on December 28, 2024.

### Conclusion

17. Based on the foregoing, I respectfully submit that there is probable cause to believe that KHAWAJA has committed witness tampering, in violation of Title 18, United States Code, Section 1512.

Respectfully submitted,

/s/ David Yu
_____
David Yu, Special Agent
Federal Bureau of Investigations

In accordance with Rule 4.1(b)(2)(A), the Affiant testified under oath to the contents of this affidavit, which was submitted to me by reliable electronic means on this 31 day of December 2024, at 6:51 p.m.

_____
Hon. Elizabeth Joi Peake
United States Magistrate Judge